1   Louis F. Teran (SBN 249494)
2   lteran@slclg.com
    SLC LAW GROUP
3   1055 E. Colorado Blvd., Suite #500
    Pasadena, CA 91106
4   Telephone:  (818) 484-3217 x200
5   Facsimile:  (866) 665-8877

6
    Attorneys for Defendant
7   Benjamin D. Cook

8

9

10                  **UNITED STATES DISTRICT COURT**

11          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13

14   TOPFIRE LIMITED, et al.,

15
                    Plaintiffs,              Case No.:  2:23-cv-02503-DAD-JDP
16

17       v.

18   BENJAMIN D. COOK,
                                             **DEFENDANT'S NOTION OF MOTION**
19                                           **AND MOTION FOR PARTIAL**
                    Defendant.               **SUMMARY JUDGMENT**
20

21
     BENJAMIN D. COOK,
22
                    Counter-Claimant,
23
         v.
24
     TOPFIRE LIMITED, et al.,
25
                    Counter-Defendant
26

27

28

                                   1
─────────────────────────────────────────────

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 16, 2026 at 1:30 pm, in the above-entitled Court, with the Honorable Dale A. Drozd presiding, Defendant Benjamin D. Cook ("Defendant") will, and hereby does, move this Honorable Court to grant partial summary judgment on the issue of liability for patent infringement.

This motion is made pursuant Fed.R.Civ.P. 56(a) and is based upon the grounds that Plaintiff Topfire Limited, et al ("Plaintiff") has literally infringed claim no. 1 of the Patent-at-Issue.

This Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Louis F. Teran, Declaration of Amir Sadjadpour, the Joint Separate Statement of Undisputed Facts, the pleadings on file with this Court, and such other argument and evidence which may be presented at the hearing on this matter. This motion is made following a telephonic conference held by the corresponding counsel of record of the parties on January 30, 2026 followed by meet and confer regarding the Joint Separate Statement of Undisputed Facts that ended on February 9, 2026.

DATED: February 9, 2026

By:_____

Louis F. Teran

Attorney for
Defendant/Counter-Claimant
Benjamin D. Cook

2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    Defendant/Counter-Claimant Benjamin D. Cook ("Defendant") hereby respectfully

3 submits this Motion for Partial Summary Judgment ("Motion").  Concurrent with this

4 Motion, Defendant presents the declaration of Louis F. Teran. ("Teran Decl."), the

5 declaration of Amir Sadjadpour ("Sadjadpour Decl.") and the Joint Statement of

6 Undisputed Facts ("SUF").

7 **I.    INTRODUCTION**

8    The patent-at-issue is U.S. Pat. No. 11,772,539 (the "'539 Patent") (attached as

9 *Exhibit A* to Teran Decl.) which is entitled "Cupholder and Adapter for Large Containers

10 During Vehicle Use".  *[SUF 1].*  The '539 Patent is directed to a cupholder that adapts an

11 existing cupholder built into a vehicle to accommodate large cups or containers while

12 driving the vehicle.  Essentially, the '539 Patent teaches an ingenuous larger cupholder

13 designed to be adapted or used in a smaller cupholder of a vehicle to accommodate large

14 drink cups or other containers.

15    More specifically, the '539 Patent teaches an ingenuous cupholder that is designed

16 for large cups or containers and that can be adapted to fit a conventional cupholder built

17 into the interior of a vehicle.  This allows the occupants of the vehicle to have a large

18 cupholder available for their large drinks or containers.  The cupholder adapter taught in

19 the '539 Patent comprises of four (4) main parts: the cupholder, a collar with tabs, an

20 adapter base, and an attachment member.  The assembled cupholder adapter is shown

21 below:

22

23

24

25

26

27

28



1    The cupholder, collar with tabs, and attachment member are shown below:

2

3

4

5

6

7

8

9

10

11




12    The adapter base is designed with ingenuous legs that can expand and retract to fit

13  into any size cupholder that is built into the inside of a vehicle.  The '539 Patent teaches

14  the adapter base with the retractable legs to be designed as shown below:

15

16

17

18

19

20

21



22    Upon receiving the '539 Patent, Defendant built a successful business by

23  distributing these cupholder adapters.  Then Defendant discovered that Plaintiff/Counter-

24  Defendant Topfire Limited et al. ("Plaintiff") began selling nearly identical cupholder

25  adapters ("Accused Product").  It is believed that Plaintiff saw the success of Defendant's

26  cupholder adapters in the marketplace and made a dishonest business decision to copy it

27  despite knowing that it was protected by the '539 Patent.  Thus, Defendant sent a cease

28  and desist letter to Plaintiff who responded by filing this lawsuit seeking declaratory

judgment on non-infringement.

4

1       Now, Defendant submits this Motion seeking  partial summary judgement on the

2  issue of liability and seeking this Court to find that the Accused Product literally infringes

3  claim 1 of the '539 Patent.

4  **II.     THE ACCUSED PRODUCT LITERALLY INFRINGES CLAIM NO. 1 OF**

5          **THE '539 PATENT**

6       "It is a bedrock principle of patent law that the claims of a patent define the

7  invention to which the patentee is entitled the right to exclude."  See *Phillips v. AWH*

8  *Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005).  It is established that infringement of a

9  patent is assessed by comparing the accused device to the claims of the patent.  See

10  *Nazomi Commc'ns, Inc. v. Arm Holdings, PLC,* 403 F.3d 1364, 1732 (Fed. Cir. 2005).

11  The accused device infringes a patent if it incorporates every limitation of a claim, either

12  literally or under the doctrine of equivalents.  See *Id.*

13       In the present case, in asserting that the Accused Product literally infringes every

14  limitation of claim 1 of the '539 Patent, Defendant compares the Accused Product to

15  claim 1 of the '539 Patent.  As explained in detail below, claim 1 has nine (9) limitations

16  and every one of those nine limitations are literally incorporated in the Accused Product.

17  As such, the Accused Product literally infringes claim 1 of the '539 Patent.

18       Claim No. 1 of the '539 Patent has the following limitations:

19     "A cupholder adapter configured for use with an existing cupholder on a vehicle,
the cupholder adapter comprising:

20
         a cylindrical cupholder having a hollow internal volume;

21         a collar attached to a top portion of the cylindrical cupholder, wherein the
            collar includes a plurality of tabs extending perpendicularly into the

22            hollow internal volume;

23         an adapter base coupled to the cylindrical cupholder, wherein the adapter
            base includes a plurality of legs configured to expand and retract such

24            that the diameter of the adapter base is configured to expand from a

25            minimum diameter to a maximum diameter;

         an attachment member positioned on a bottom surface of the cylindrical
26            cupholder, wherein the attachment member enables the coupling of the

27            adapter base and the cylindrical cupholder; and,

28

wherein the attachment member comprises a number of mounting holes and the adapter base or a spacer comprises a number of protrusions, at least one protrusion of the number of protrusions having a hole, wherein a mounting hole of the number of mounting holes is configured to align with the hole such that a fastener can extend through the mounting hole and the hole of the at least one protrusion of the number of protrusions." See *Teran Decl.,* Ex. A. *[SUF 2].*

**A. Preamble – "A cupholder adapter configured for use with an existing cupholder on a vehicle"**

The Accused Product is sold in a package which expressly identifies it as an "Adjustable Car Cup Holder Expander." See *Sadjadpour Decl.,* ¶10. *[SUF 3].* Thus, the package itself identifies the Accused Product as being for use with a "cupholder on a vehicle." *[SUF 4].* In addition, the Accused Product is sold with a "Quick Install Guide" which expressly requires the use thereof to be with "the car's console cup holder." See *Sadjadpour Decl,* ¶11. *[SUF 5].* Thus, the Quick Install Guide of the Accused Product indicates that it is configured for use with "an existing cupholder on a vehicle." *[SUF 6].*

Accordingly, the Accused Product literally incorporates the limitations in the preamble of claim 1 of the '539 Patent. *[SUF 7].*

**B. First Limitation – "a cylindrical cupholder having a hollow internal volume"**

The Accused Product has the approximate form of a cylinder with a top outside diameter measured at approximately 4.5 inches, a bottom outside diameter measured at approximately 4.4 inches and a height of approximately 3 inches. See *Sadjadpour Decl,* ¶14. *[SUF 8].* Therefore, the diameter of the cupholder of the Accused Product varies by 0.1 inches from top to bottom over a height of 3 inches. See *Sadjadpour Decl,* ¶15. *[SUF 9].* This means that the sidewall of the cupholder of the Accused Product is angled at approximately 1.7 degrees. See *Sadjadpour Decl,* ¶15. *[SUF 10].* Such measurements classify the cupholder of the Accused Product as being "cylindrical." See *Sadjadpour Decl,* ¶15. *[SUF 12].* In fact, this Court construed the term "cylindrical" to be defined as follows:

"Cylindrical – having the approximate form of a cylinder including variations in diameter along the length of the cylinder." See *ECF No. 44,* p.9. *[SUF 11].*

Based on the measurements stated above, the shape of the cupholder of the Accused Product falls within the Court's definition of being "cylindrical." *[SUF 12].* Even more, the package and Quick Install Guide of the Accused Product expressly indicate that the Accused Product is designed to fit therewithin a cup or bottle of 3 or 4 inches in diameter. See *Sadjadpour Decl,* ₱19-21. *[SUF 13].* Even more, the Accused Product has a hollow internal volume that is over 4 inches in diameter designed to fit therewithin a cup or bottle that is 3 to 4 inches in diameter. See *Sadjadpour Decl,* ₱21. *[SUF 14].* Therefore, the Accused Product does comprise "a cylindrical cupholder having a hollow internal volume." *[SUF 15].*

Accordingly, the Accused Product literally incorporates the first limitation of claim 1 of the '539 Patent. *[SUF 16].*

## C. Second Limitation – "a collar attached to a top portion of the cylindrical cupholder, wherein the collar includes a plurality of tabs extending perpendicularly into the hollow internal volume"

The cylindrical cupholder of the Accused Product has a collar attached to the top portion thereof. See *Sadjadpour Decl,* ₱23. *[SUF 17].* In addition, the top portion of the cylindrical cupholder of the Accused Product has four (4) tabs extending perpendicularly into the hollow internal volume. See *Sadjadpour Decl,* ₱24. *[SUF 18].* More specifically, the tabs are integrated perpendicularly to the collar and extend towards the center of the cupholder of the Accused Product. See *Sadjadpour Decl,* ₱25. *[SUF 19].* In fact, this Court construed the term "collar" to be defined as follows:

"Collar – a circular lip device having two or more integrated cantilever structures extending towards the center portion of the lip." See *ECF No. 44,* p.11. *[SUF 20].*

Based on a careful examination of the Accused Product, it is apparent that the collar attached to the top portion of the cylindrical cupholder of the Accused Product is

circular in shape and can be reasonably described as "a circular lip device."  See *Sadjadpour Decl,* ₱27.  *[SUF 21].*  Even more, the Court's construction adds the term "cantilever" that is not present or used in any part of the '539 Patent.  *[SUF 22].*  However, the common definition of the term "cantilever" is a projecting beam or member that is supported at only one end.  See *Sadjadpour Decl,* ₱28.  See also *Teran Decl.,* Ex. B. [Merriam-Webster. (n.d.).  Cantilever. In Merriam-Webster.com dictionary. Retrieved February 3, 2026, from https://www.merriam-webster.com/dictionary/cantilever].  *[SUF 23].*  In fact, the tabs in the Accused Product extend perpendicularly from the collar and are supported only at one end.  See *Sadjadpour Decl,* ₱29.  *[SUF 24].*  Therefore, the tabs in the Accused Product can reasonably be described as "cantilever structures."  See *Sadjadpour Decl,* ₱29.  *[SUF 25].*  Even more, each tab in the Accused Product extends towards the center portion of the collar or circular lip device.  See *Sadjadpour Decl,* ₱30. *[SUF 26].*

Furthermore, in its construction of the term "collar", the Court used the term "integrated."  See *ECF No. 44,* p.11.  *[SUF 27].*  The common definition of the term "integrated" is to form or blend into a functioning or unified whole.  See *Sadjadpour Decl,* ₱31.  See also *Teran Decl.,* Ex. C [Merriam-Webster. (n.d.). Integrate. In Merriam-Webster.com dictionary. Retrieved February 3, 2026, from https://www.merriam-webster.com/dictionary/integrate].  *[SUF 28].*  In fact, the tabs in the Accused Product are attached to the collar or circular lip device in a manner that forms or blends them into a unified whole.  See *Sadjadpour Decl,* ₱32.  *[SUF 29].*  More specifically, the tabs and the collar in the Accused Product are separate parts that are attached in such a manner that integrates them together.  See *Sadjadpour Decl,* ₱33.  *[SUF 30].*  None of the tabs can be physically separated or removed from the collar or circular lip device.  See *Sadjadpour Decl,* ₱34.  *[SUF 31].*  Even more, nothing in the package or Quick Install Guide indicates or infers that the tabs can be separated or removed from the collar or the cupholder of the Accused Product.  See *Sadjadpour Decl,* ₱34.  *[SUF 32].*  Even further,  the tabs, the collar, and the cupholder of the Accused Product are permanently attached together by glue.  See *Sadjadpour Decl,* ₱35.  *[SUF 33].*  As such, the tabs or cantilever structures are

1  integrated to the circular lip device or collar of the Accused Product.  See *Sadjadpour*
2  *Decl,* ℙ35.  *[SUF 34].*

3      Accordingly, the Accused Product literally incorporates the second limitation of
4  claim 1 of the '539 Patent.  *[SUF 35].*

5  **D. Third Limitation – "an adapter base coupled to the cylindrical cupholder,**
6  **wherein the adapter base includes a plurality of legs configured to expand and**
7  **retract such that the diameter of the adapter base is configured to expand**
8  **from a minimum diameter to a maximum diameter"**

9  The Court construed the term "adapter base" to be defined as follows:

10    "Adapter base – an adapter configured to act as the base for the cupholder"  See
11    *ECF No. 44,* p.14.  *[SUF 36].*

12      In the present case, the Quick Install Guide of the Accused Product identifies an
13  "expandable base" that is coupled to the bottom of the cylindrical cupholder and
14  configured to be the base thereof.  See *Sadjadpour Decl,* ℙ38.  *[SUF 37].*  Even more, the
15  Quick Install Guide of the Accused Product identifies the "expandable base" as having
16  three (3) legs that expand or retract from a minimum diameter of 2.5 inches to a maximum
17  diameter of 3.75 inches.  See *Sadjadpour Decl,* ℙ39.  *[SUF 38].*  In fact, an examination of
18  the Accused Product reveals that the Accused Product does have an adapter base with
19  three (3) legs that can be expanded or retracted from a minimum diameter to a maximum
20  diameter.  See *Sadjadpour Decl,* ℙ40.  *[SUF 39].*
21      Accordingly, the Accused Product literally incorporates the third limitation of
22  claim 1 of the '539 Patent.  *[SUF 40].*

23  **E. Fourth Limitation – "an attachment member positioned on a bottom surface**
24  **of the cylindrical cupholder, wherein the attachment member enables the**
25  **coupling of the adapter base and the cylindrical cupholder"**

26  The Accused Product has an attachment member positioned on the bottom surface
27  of the cylindrical cupholder.  See *Sadjadpour Decl,* ℙ42.  *[SUF 41].*  More specifically,
28  the attachment member in the Accused Product extends from the bottom surface of the

cylindrical cupholder and it enables the coupling of the adapter base and the cylindrical cupholder.  See *Sadjadpour Decl,* ¶43.  *[SUF 42].*

Accordingly, the Accused Product literally incorporates the fourth limitation of claim 1 of the '539 Patent.  *[SUF 43].*

### F. Fifth Limitation – "wherein the attachment member comprises a number of mounting holes"

The Court construed the term "a number of mounting holes" to be defined as follows:

> "A number of mounting holes – at least one mounting hole"  See *ECF No. 44,* p.15.  *[SUF 44].*

In the present case, the Accused Product has an attachment member with two (2) mounting holes.  See *Sadjadpour Decl,* ¶46.  *[SUF 45].*  The two mounting holes are directly adjacent to one another with one of the mounting holes being at the center of the bottom surface of the cylindrical cupholder.  See *Sadjadpour Decl,* ¶46.  *[SUF 46].*

Accordingly, the Accused Product literally incorporates the fifth limitation of claim 1 of the '539 Patent.  *[SUF 47].*

### G. Sixth Limitation – "the adapter base or a spacer comprises a number of protrusions"

The Court construed the term "a number of protrusions" to be defined as follows:

> "A number of protrusions – at least one protrusion"  See *ECF No. 44,* p.15.  *[SUF 48].*

In the present case, the Accused Product has an adapter base with one (1) protrusion that extends upward from the center thereof.  See *Sadjadpour Decl,* ¶50.  *[SUF 49].*

Accordingly, the Accused Product literally incorporates the sixth limitation of claim 1 of the '539 Patent.  *[SUF 50].*

1

**H. Seventh Limitation – "at least one protrusion of the number of protrusions having a hole"**

As discussed above, the adapter base of the Accused Product has one (1) protrusion.  See *Sadjadpour Decl,* ℙ50.  *[SUF 49].*  Even more, that one protrusion in the Accused Product has a hole.  See *Sadjadpour Decl,* ℙ55.  *[SUF 51].*

Accordingly, the Accused Product literally incorporates the seventh limitation of claim 1 of the '539 Patent.  *[SUF 52].*

**I. Eight Limitation – "wherein a mounting hole of the number of mounting holes is configured to align with the hole"**

Coupling of the adapter base to the cylindrical cupholder of the Accused Product requires one of the two mounting holes in the attachment member to be aligned with the hole in the protrusion of the adapter base.  See *Sadjadpour Decl,* ℙ57.  *[SUF 53].*  After the two are aligned, the protrusion in the adapter base is inserted into the mounting hole in the attachment member to couple the adapter base to the cylindrical cupholder.  See *Sadjadpour Decl,* ℙ58.  *[SUF 54].*

Accordingly, the Accused Product literally incorporates the eight limitation of claim 1 of the '539 Patent.  *[SUF 55].*

**J. Ninth Limitation – "such that a fastener can extend through the mounting hole and the hole of the at least one protrusion of the number of protrusions"**

The coupling of the adapter base to the cylindrical cupholder of the Accused Product is completed with a screw or fastener is fastened through the mounting hole in the cylindrical cupholder and through the hole in the protrusion of the adapter base.  See *Sadjadpour Decl,* ℙ60.  *[SUF 56].*  In fact, the hole in the protrusion of the adapter base of the Accused Product has a brass insert with internal threads designed to receive the fastener or screw.  See *Sadjadpour Decl,* ℙ61.  *[SUF 57].*

Accordingly, the Accused Product literally incorporates the ninth limitation of claim 1 of the '539 Patent.  *[SUF 58].*

**K. The Accused Product Literally Incorporates All Nine Limitations of Claim 1 of the '539 Patent**

Based on the foregoing, all nine limitations of claim 1 of the '539 Patent are literally incorporated in the Accused Product.  As such, the Accused Product literally infringes claim 1 of the '539 Patent.

## III.    CONCLUSION

Based on the foregoing, Defendant respectfully requests this Court to find that the Accused Product literally infringes claim 1 of the '539 Patent.

DATED:  February 9, 2026

By:_____

Louis F. Teran

Attorney for
Defendant/Counter-Claimant
Benjamin D. Cook