<mark class="page"/>

```
1   Louis F. Teran (SBN 249494)
    lteran@slclg.com
2   SLC LAW GROUP
3   1055 E. Colorado Blvd., Suite #500
    Pasadena, CA 91106
4   Telephone: (818) 484-3217 x200
5   Facsimile: (866) 665-8877

6
    Attorneys for Defendant
7   Benjamin D. Cook
```

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOPFIRE LIMITED, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>BENJAMIN D. COOK,<br><br>   Defendant.<br>_____<br>BENJAMIN D. COOK,<br><br>   Counter-Claimant,<br><br> v.<br><br>TOPFIRE LIMITED, et al.,<br><br>   Counter-Defendant | Case No.: 2:23-cv-02503-DAD-JDP<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to the Court's procedures, Defendant/Counter-Claimant Benjamin D. Cook ("Defendant") and Plaintiff/Counter-Defendant Topfire Limited et al. ("Plaintiff") hereby respectfully submits this Joint Statement of Undisputed Facts related to Defendant's Motion for Partial Summary Judgment.

| SUF | Defendant's Undisputed Fact with Supporting Evidence | Plaintiff's Response with Supporting Evidence |
|---|---|---|
| 1 | The patent-at-issue is U.S. Pat. No. 11,772,539 (the "'539 Patent") (attached as *Exhibit A* to Teran Decl.) which is entitled "Cupholder and Adapter for Large Containers During Vehicle Use". <br><br> See *Teran Decl.,* Ex. A | **Undisputed.** |
| 2 | Claim No. 1 of the '539 Patent has the following limitations: <br><br> "A cupholder adapter configured for use with an existing cupholder on a vehicle, the cupholder adapter comprising: <br>   a cylindrical cupholder having a hollow internal volume; <br>   a collar attached to a top portion of the cylindrical cupholder, wherein the collar includes a plurality of tabs extending perpendicularly into the hollow internal volume; <br>   an adapter base coupled to the cylindrical cupholder, wherein the adapter base includes a plurality of legs configured to expand and retract such that the diameter of the adapter base is configured to expand from a minimum diameter to a maximum diameter; | **Undisputed.** |

| | |
|---|---|
| an attachment member positioned on a bottom surface of the cylindrical cupholder, wherein the attachment member enables the coupling of the adapter base and the cylindrical cupholder; and, wherein the attachment member comprises a number of mounting holes and the adapter base or a spacer comprises a number of protrusions, at least one protrusion of the number of protrusions having a hole, wherein a mounting hole of the number of mounting holes is configured to align with the hole such that a fastener can extend through the mounting hole and the hole of the at least one protrusion of the number of protrusions." See *Teran Decl.,* Ex. A. | |

### A. Preamble – "A cupholder adapter configured for use with an existing cupholder on a vehicle"

| 3 | The Accused Product is sold in a package which expressly identifies it as an "Adjustable Car Cup Holder Expander." See *Sadjadpour Decl.,* ¶10. | **Disputed in part.** **Undisputed** that the Accused Product reviewed by Defendant's declarant was sold in packaging bearing that label. **Disputed.** Plaintiffs do not stipulate that the Accused Product packaging inspected by Defendant's declarant is representative of all accused product packaging. |
|---|---|---|

| # | | |
|---|---|---|
| 4 | Thus, the package itself identifies the Accused Product as being for use with a "cupholder on a vehicle." See *Sadjadpour Decl.,* ¶10. | **Disputed in part.** Same response as in SUF 3. |
| 5 | The Accused Product is sold with a "Quick Install Guide" which expressly requires the use thereof to be with "the car's console cup holder." See *Sadjadpour Decl,* ¶11 | **Disputed in part.** **Undisputed** that the Accused Product reviewed by Defendant's declarant was sold with a Quick Install Guide. **Disputed.** Plaintiffs do not stipulate that the Accused Product guide inspected by Defendant's declarant is representative of all accused product guides. |
| 6 | The Quick Install Guide of the Accused Product indicates that it is configured for use with "an existing cupholder on a vehicle." See *Sadjadpour Decl,* ¶11 | **Disputed in part.** Same response as in SUF 5. |
| 7 | Accordingly, the Accused Product literally incorporates the limitations in the preamble of claim 1 of the '539 Patent. See *Sadjadpour Decl,* ¶10-11 | **Disputed.** **Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |

**B.   First Limitation – "a cylindrical cupholder having a hollow internal volume"**

| | | |
|---|---|---|
| 8 | The Accused Product has the approximate form of a cylinder with a top outside diameter measured at approximately 4.5 inches, a bottom outside diameter measured at approximately 4.4 inches and a height of approximately 3 inches. See *Sadjadpour Decl,* ¶14. | **Disputed in part.** **Undisputed** that Defendant's declarant reports these measurements for the Accused Product he inspected. **Disputed** to the extent Defendant implies that Plaintiffs have verified these measurements. |

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5 | 9 | The diameter of the cupholder of the Accused Product varies by 0.1 inches from top to bottom over a height of 3 inches.<br><br>See *Sadjadpour Decl,* ¶15. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant calculated this variation for the Accused Product he inspected.<br>**Disputed** to the extent Defendant implies that Plaintiffs have verified these measurements. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | 10 | This means that the sidewall of the cupholder of the Accused Product is angled at approximately 1.7 degrees.<br><br>See *Sadjadpour Decl,* ¶15. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant calculated this angle based on his reported measurements of the Accused Product he inspected.<br>**Disputed** to the extent Defendant implies that Plaintiffs have verified this calculation. Plaintiffs have not independently measured the Accused Product or calculated any angle, and Plaintiffs reserve the right to challenge the accuracy, methodology, and relevance of Defendant's measurements and calculations.<br>**Objection:** The declarant has failed to provide the methodology, precision of instruments used, or a foundation for the accuracy of this calculation. The statement constitutes improper expert opinion and lacks the necessary foundation required under Fed. R. Evid. 702. |
| 22<br>23<br>24<br>25<br>26<br>27 | 11 | This Court construed the term "cylindrical" to be defined as follows:<br><br>  "Cylindrical – having the approximate form of a cylinder including variations in diameter along the length of the cylinder."<br><br>See *ECF No. 44,* p.9. | **Undisputed.** |
| 28 | 12 | Such measurements and construction classify the cupholder of the Accused Product as being "cylindrical." | **Disputed.**<br>**Objection:** Improper expert opinion; Improper legal conclusion and |

5

| | | | |
|---|---|---|---|
| | | See *Sadjadpour Decl,* ¶15. See also *ECF No. 44,* p.9. | application of claim construction; argumentative. |
| | 13 | The package and Quick Install Guide of the Accused Product expressly indicate that the Accused Product is designed to fit therewithin a cup or bottle of 3 or 4 inches in diameter.<br><br>See *Sadjadpour Decl,* ¶19-21. | **Disputed in part.**<br>Same response as in SUF 3. |
| | 14 | The Accused Product has a hollow internal volume that is over 4 inches in diameter designed to fit therewithin a cup or bottle that is 3 to 4 inches in diameter.<br><br>See *Sadjadpour Decl,* ¶21. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant reports these measurements for the Accused Product he inspected. **Disputed** to the extent Defendant implies Plaintiffs have verified these measurement. Plaintiffs reserve the right to challenge the accuracy, methodology, and relevance of Defendant's measurements and calculations. |
| | 15 | Therefore, the Accused Product does comprise "a cylindrical cupholder having a hollow internal volume."<br><br>See *Sadjadpour Decl,* ¶14-21. See also *ECF No. 44,* p.9. | **Disputed.**<br>**Objection:** Improper expert opinion; Improper legal conclusion; argumentative; misstates the effect of the cited evidence. |
| | 16 | Accordingly, the Accused Product literally incorporates the first limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶14-21. See also *ECF No. 44,* p.9. | **Disputed.**<br>**Objection:** Improper expert opinion; Improper legal conclusion; argumentative; calls for an infringement determination. |

### C. Second Limitation – "a collar attached to a top portion of the cylindrical cupholder, wherein the collar includes a plurality of tabs extending perpendicularly into the hollow internal volume"

| | | |
|---|---|---|
| 17 | The cylindrical cupholder of the Accused Product has a collar attached to the top portion thereof.<br><br>See *Sadjadpour Decl,* ¶23. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes an upper rim structure.<br>**Disputed** to the extent Defendant asserts that this structure is the claimed "collar" as construed by the Court.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 18 | The top portion of the cylindrical cupholder of the Accused Product has four (4) tabs extending perpendicularly into the hollow internal volume.<br><br>See *Sadjadpour Decl,* ¶24. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes four inward-extending tabs.<br>**Disputed** to the extent Defendant asserts that these tabs are "integrated cantilever structures" within the meaning of the Court's construction.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 19 | The tabs are integrated perpendicularly to the collar and extend towards the center of the cupholder of the Accused Product.<br><br>See *Sadjadpour Decl,* ¶25. | **Disputed.**<br>The tabs on the Accused Product reviewed by Defendant's declarant are removable and therefore are not "integrated" within the meaning of the Court's construction.<br>**Objection:** improper expert opinion; argumentative; mischaracterizes the structure. |

| | | | |
|---|---|---|---|
| | | | See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 20 | This Court construed the term "collar" to be defined as follows:<br>   "Collar – a circular lip device having two or more integrated cantilever structures extending towards the center portion of the lip."<br><br>See *ECF No. 44,* p.11. | **Undisputed**. |
| | 21 | The collar attached to the top portion of the cylindrical cupholder of the Accused Product is circular in shape and can be reasonably described as "a circular lip device."<br><br>See *Sadjadpour Decl,* ₱27. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes a circular rim structure.<br>**Disputed** to the extent Defendant asserts that this structure is the claimed 'circular lip device' or that the tabs satisfy the Court's construction of "integrated cantilever structures."<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 22 | The Court's construction adds the term "cantilever" that is not present or used in any part of the '539 Patent.<br><br>See *ECF No. 44,* p.11. | **Disputed.**<br>This statement mischaracterizes the Court's construction, which speaks for itself<br>**Objection**: Improper expert opinion; improper legal argument; misstates the Court's construction. |
| | 23 | The common definition of the term "cantilever" is a projecting beam or member that is supported at only one end. | **Disputed in Part.**<br>**Undisputed** that Defendant's declarant cites a definition. |

8

| | | | |
|---|---|---|---|
| | | See *Sadjadpour Decl,* ¶28. See also *Teran Decl.,* Ex. B | **Disputed** to the extent Defendant implies this "common definition" replaces or modifies the Court's specific claim construction. **Objection:** This statement constitutes an improper legal argument and an attempt to re-litigate claim construction outside of a Markman hearing. Further, the "common definition" is irrelevant as the Court has already construed the term "collar" to include "integrated cantilever structures," and the meaning of a patent term is determined by how a person of ordinary skill in the art (POSITA) would understand it in the context of the patent, not a general-purpose dictionary. |
| | 24 | The tabs in the Accused Product extend perpendicularly from the collar and are supported only at one end.<br><br>See *Sadjadpour Decl,* ¶29. | **Disputed.** **Objection:** Improper expert opinion; mischaracterizes the structure; calls for a legal conclusion.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 25 | The tabs in the Accused Product are "cantilever structures."<br><br>See *Sadjadpour Decl,* ¶29. | **Disputed.** The tabs in the Accused Product do not meet the Court's construction of "integrated cantilever structures" because the tabs are removable and are not "integrated" into the circular lip device. **Objection:** This statement constitutes an improper legal conclusion and calls for expert testimony under Fed. R. Evid. 702. Whether a structure constitutes a "cantilever structure" within the meaning of the Court's specific claim construction is an |

| | | |
|---|---|---|
| | | infringement determination, which is an ultimate issue for the trier of fact. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 26 | Each tab in the Accused Product extends towards the center portion of the collar or circular lip device. See *Sadjadpour Decl,* ¶30. | **Disputed in part.** **Undisputed** that the Accused Product reviewed includes inward-extending tabs. **Disputed** to the extent Defendant asserts that these tabs satisfy the Court's construction of "integrated cantilever structures." See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 27 | in its construction of the term "collar", the Court used the term "integrated." See *ECF No. 44,* p.11. | **Undisputed.** |
| 28 | The common definition of the term "integrated" is to form or blend into a functioning or unified whole. See *Sadjadpour Decl,* ¶31. See also *Teran Decl.,* Ex. C | **Disputed in part.** **Undisputed** that Defendant's declarant provides a definition. **Disputed** to the extent Defendant implies that this definition applies to the accused products or establishes that any structure in the Accused Product meets the Court's construction of "collar." See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 29 | The tabs in the Accused Product are attached to the collar or circular lip device in a manner that forms or blends them into a unified whole. | **Disputed.** **Objection:** Improper expert opinion; mischaracterizes the structure; argumentative. |

| | | | |
|---|---|---|---|
| | | See *Sadjadpour Decl,* ¶32. | See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 30 | The tabs and the collar in the Accused Product are separate parts that are attached in such a manner that integrates them together.<br><br>See *Sadjadpour Decl,* ¶33. | **Disputed.**<br>The tabs on the Accused Product reviewed by Defendant's declarant are removable and are not permanently integrated with the collar.<br>**Objection:** improper expert opinion; mischaracterizes the structure; argumentative.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 31 | None of the tabs can be physically separated or removed from the collar or circular lip device.<br><br>See *Sadjadpour Decl,* ¶34. | **Disputed.**<br>The tabs on the Accused Product reviewed by Defendant's declarant can be physically separated and removed from the collar. Defendant's assertion is factually incorrect.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 32 | Nothing in the package or Quick Install Guide indicates or infers that the tabs can be separated or removed from the collar or the cupholder of the Accused Product.<br><br>See *Sadjadpour Decl,* ¶34. | **Disputed in part.**<br>**Undisputed** that the Accused Product packaging and guide do not address tab removability.<br>**Disputed** to the extent Defendant implies that the tabs cannot be removed. The tabs on the Accused Product reviewed by Defendant's declarant are removable, regardless of whether the packaging mentions it.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |

| | | | |
|---|---|---|---|
| | 33 | The tabs, the collar, and the cupholder of the Accused Product are permanently attached together by glue.<br><br>See *Sadjadpour Decl,* ¶35. | **Disputed.**<br>The tabs on the Accused Product reviewed by Defendant's declarant are not permanently attached and can be removed.<br>**Objection:** lacks foundation; improper expert opinion; mischaracterizes the product.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 34 | As such, the tabs or cantilever structures are integrated to the circular lip device or collar of the Accused Product.<br><br>See *Sadjadpour Decl,* ¶35. | **Disputed**.<br>The tabs on the Accused Product reviewed by Defendant's declarant are not permanently attached and can be removed without damage.<br>**Objection:** lacks foundation; improper expert opinion; mischaracterizes the product.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 35 | Accordingly, the Accused Product literally incorporates the second limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶23-35 | **Disputed.**<br>**Objection:** improper legal conclusion; argumentative; calls for an infringement determination. The tabs on the Accused Product reviewed by Defendant's declarant are removable, and therefore do not meet the Court's construction of "collar," which requires integrated cantilever structures.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |

| | **D. Third Limitation – "an adapter base coupled to the cylindrical cupholder, wherein the adapter base includes a plurality of legs configured to expand and retract such that the diameter of the adapter base is configured to expand from a minimum diameter to a maximum diameter"** | |
|---|---|---|
| 36 | The Court construed the term "adapter base" to be defined as follows:<br>   "Adapter base – an adapter configured to act as the base for the cupholder"<br><br>See *ECF No. 44,* p.14. | **Undisputed.** |
| 37 | The Quick Install Guide of the Accused Product identifies an "expandable base" that is coupled to the bottom of the cylindrical cupholder and configured to be the base thereof.<br><br>See *Sadjadpour Decl,* ¶38. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes a guide using that terminology.<br>**Disputed** to the extent Defendant implies uniform guides across all accused products or that guide terminology establishes any claim limitation. |
| 38 | The Quick Install Guide of the Accused Product identifies the "expandable base" as having three (3) legs that expand or retract from a minimum diameter of 2.5 inches to a maximum diameter of 3.75 inches.<br><br>See *Sadjadpour Decl,* ¶39. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed contains these statements.<br>**Disputed** to the extent Defendant implies uniform guides across all accused products or that guide terminology establishes any claim limitation and as to the legal significance with respect to infringement. |
| 39 | The Accused Product does have an adapter base with three (3) legs that can be expanded or retracted from a minimum diameter to a maximum diameter. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes a base with three expandable legs that expand and contract. |

| | | See *Sadjadpour Decl,* ¶40 | **Disputed** to the extent Defendant asserts that this structure is the claimed "adapter base" within the meaning of the Court's construction. The declarant's identification of an "adapter base" is a legal conclusion and is improper. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
|---|---|---|---|
| | 40 | Accordingly, the Accused Product literally incorporates the third limitation of claim 1 of the '539 Patent. See *Sadjadpour Decl,* ¶38 - 40 | **Disputed.** **Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |
| | \multicolumn{3}{l} **E. Fourth Limitation – "an attachment member positioned on a bottom surface of the cylindrical cupholder, wherein the attachment member enables the coupling of the adapter base and the cylindrical cupholder"** |
| | 41 | The Accused Product has an attachment member positioned on the bottom surface of the cylindrical cupholder. See *Sadjadpour Decl,* ¶42. | **Disputed in part.** **Undisputed** that the Accused Product reviewed includes a structure on the bottom surface. **Disputed** to the extent Defendant asserts that this structure is the claimed "attachment member" within the meaning of the asserted claim or the Court's construction. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 42 | The attachment member in the Accused Product extends from the bottom surface of the cylindrical cupholder and it enables the coupling of the adapter base and the cylindrical cupholder. | **Disputed in part.** **Undisputed** that the Accused Product reviewed by Defendant's declarant includes a structure on the bottom surface. |

| | | |
|---|---|---|
| | See *Sadjadpour Decl,* ¶43. | **Disputed** to the extent Defendant characterizes its function as it "enables" coupling within the meaning of the asserted claim. **Objection:** improper legal conclusion; argumentative; mischaracterizes the structure.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 43 | Accordingly, the Accused Product literally incorporates the fourth limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶42-43 | **Disputed.** **Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |
| | **F. Fifth Limitation – "wherein the attachment member comprises a number of mounting holes"** | |
| 44 | The Court construed the term "a number of mounting holes" to be defined as follows:<br>   "A number of mounting holes – at least one mounting hole"<br><br>See *ECF No. 44,* p.15. | **Undisputed.** |
| 45 | The Accused Product has an attachment member with two (2) mounting holes.<br><br>See *Sadjadpour Decl,* ¶46 | **Disputed in part.** **Undisputed** that Defendant's declarant reports two holes in the Accused Product he inspected. **Disputed** to the extent Defendant asserts that the Accused Product contains the claimed "attachment member." The declarant's identification of an "attachment member" is a legal conclusion and is improper. |

| | | |
|---|---|---|
| | | See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 46 | The two mounting holes are directly adjacent to one another with one of the mounting holes being at the center of the bottom surface of the cylindrical cupholder.<br><br>See *Sadjadpour Decl,* ¶46 | **Undisputed** that Defendant's declarant reports this configuration for the Accused Product he inspected.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 47 | Accordingly, the Accused Product literally incorporates the fifth limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶46 | **Disputed.**<br>**Objection:** Improper legal conclusion; argumentative; calls for an infringement determination.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |

G. **Sixth Limitation – "the adapter base or a spacer comprises a number of protrusions"**

| | | |
|---|---|---|
| 48 | The Court construed the term "a number of protrusions" to be defined as follows:<br>    "A number of protrusions – at least one protrusion"<br><br>See *ECF No. 44,* p.15. | **Undisputed.** |
| 49 | The Accused Product has an adapter base with one (1) protrusion that extends upward from the center thereof.<br><br>See *Sadjadpour Decl,* ¶50. | **Disputed in part.**<br>**Undisputed** that the Accused Product reviewed includes an upward-extending structure.<br>**Disputed** to the extent Defendant asserts that this structure is the claimed "protrusion" within the meaning of the asserted claim or the Court's construction. The declarant's |

| | | | |
|---|---|---|---|
| | | | identification of a "protrusion" is a legal conclusion and is improper. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 50 | Accordingly, the Accused Product literally incorporates the sixth limitation of claim 1 of the '539 Patent. See *Sadjadpour Decl,* ¶50. | **Disputed.** **Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | **H. Seventh Limitation – "at least one protrusion of the number of protrusions having a hole"** | | |
| | 51 | The one protrusion in the Accused Product has a hole. See *Sadjadpour Decl,* ¶55. | **Disputed in part.** **Undisputed** that Defendant's declarant reports a hole in the upward-extending structure of the Accused Product he inspected. **Disputed** to the extent Defendant asserts that this structure is the claimed "protrusion" or that the hole is the claimed "hole" within the meaning of the asserted claim. The declarant's identification of a "protrusion" is a legal conclusion and is improper. See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 52 | Accordingly, the Accused Product literally incorporates the seventh limitation of claim 1 of the '539 Patent. | **Disputed.** |

| | | | |
|---|---|---|---|
| | | See *Sadjadpour Decl,* ¶55. | **Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |

### I. Eight Limitation – "wherein a mounting hole of the number of mounting holes is configured to align with the hole"

| | | | |
|---|---|---|---|
| | 53 | Coupling of the adapter base to the cylindrical cupholder of the Accused Product requires one of the two mounting holes in the attachment member to be aligned with the hole in the protrusion of the adapter base.<br><br>See *Sadjadpour Decl,* ¶57. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant describes this assembly method for the Accused Product he inspected.<br>**Disputed** to the extent Defendant asserts that the structures he identifies are the "mounting holes," "attachment member," or "protrusion" within the meaning of the asserted claim or the Court's construction. The declarant's identification of a "mounting holes," "attachment member," and "protrusion" is a legal conclusion and is improper.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| | 54 | After the two are aligned, the protrusion in the adapter base is inserted into the mounting hole in the attachment member to couple the adapter base to the cylindrical cupholder.<br><br>See *Sadjadpour Decl,* ¶58. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant describes this assembly method for the Accused Product he inspected.<br>**Disputed** to the extent Defendant asserts that the structures he identifies correspond to the claimed "protrusion," "mounting hole," or "attachment member," or that this method satisfies the asserted claim. The declarant's identification of a "mounting holes," "attachment |

| | | member," and "protrusion" is a legal conclusion and is improper.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
|---|---|---|
| 55 | Accordingly, the Accused Product literally incorporates the eight limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶57-58 | **Disputed.**<br>**Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |
| | **J.   Ninth Limitation – "such that a fastener can extend through the mounting hole and the hole of the at least one protrusion of the number of protrusions"** | |
| 56 | The coupling of the adapter base to the cylindrical cupholder of the Accused Product is completed with a screw or fastener is fastened through the mounting hole in the cylindrical cupholder and through the hole in the protrusion of the adapter base.<br><br>See *Sadjadpour Decl,* ¶60. | **Disputed in part.**<br>**Undisputed** that Defendant's declarant describes this assembly method for the Accused Product he inspected.<br>**Disputed** to the extent Defendant asserts that the screw or hole he identifies corresponds to the claimed "mounting hole" or "protrusion" within the meaning of the asserted claim. The declarant's identification of "mounting holes" and "protrusion" is a legal conclusion and is improper.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 57 | The hole in the protrusion of the adapter base of the Accused Product has a brass insert with internal threads designed to receive the fastener or screw.<br><br>See *Sadjadpour Decl,* ¶61 | **Disputed in part.**<br>**Undisputed** that Defendant's declarant reports this feature for the Accused Product he inspected.<br>**Disputed** to the extent Defendant asserts that this structure is the claimed "protrusion" or "hole" within |

19

| | | |
|---|---|---|
| | | the meaning of the asserted claim or the Court's construction. Plaintiffs have not verified the accuracy of Defendant's characterizations or that the Accused Product contains the claimed structures.<br><br>See Lee Decl. ¶¶ 19–30 & Lee Ex. 6 (tear down); Noble Decl. ¶¶ 2–8 & Noble Ex. B (Report). |
| 58 | Accordingly, the Accused Product literally incorporates the ninth limitation of claim 1 of the '539 Patent.<br><br>See *Sadjadpour Decl,* ¶60-61 | **Disputed.**<br>**Objection:** Improper legal conclusion; argumentative; calls for an infringement determination. |

DATED: February 9, 2026

By:_____
    Louis F. Teran

    Attorney for
    Defendant/Counter-Claimant
    Benjamin D. Cook


By:__/s/Theodore S. Lee__
    Theodore S. Lee, Esq.
    Attorney for Plaintiffs