Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Theodore S. Lee [SBN 281475]
Tlee@inhouseco.com
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone:  949-250-1555
Facsimile:   714-882-7770

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOPFIRE LIMITED**, a foreign company; **HK MIUSON INTERNATIONAL CO., LIMITED**, a foreign company; **JIANGGONGXIUSHENZHENGUOJI-MAOYIYOUXIANGONGSI**, a foreign company; and **SHENZHENSHILINGBINQIPEI-YOUXIANGONGSI**, a foreign company.<br><br>Plaintiffs,<br><br>v.<br><br>**BENJAMIN D. COOK**, an individual; and **DOES 1 through 10**, inclusive.<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:23-cv-02503-DAD-JDP<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE OR LIMIT TESTIMONY OF DEFENDANT'S EXPERT AMIR SADJADPOUR; REQUEST FOR SANCTIONS AND/OR ALTERNATIVE CURATIVE RELIEF**<br><br>**Hearing:** April 20, 2026, 1:30 p.m. before Hon. Dale A. Drozd (Zoom) |

## I. INTRODUCTION

Defendant's opposition (Dkt. 65) provides two independent reasons to grant Plaintiffs' motion (Dkt. 47). First, the opposition is untimely under Eastern District Local Rule 230(c) and may be treated as a non-opposition, warranting granting the motion on that basis alone. (E.D. Cal. L.R. 230(c); *Nash v. Honeywell Int'l Inc.*, No. 2:24-cv-02952-DAD-AC, Order at 4 (E.D. Cal. Dec. 16, 2025) (Drozd, J.) (untimely opposition; motion "could be granted on this basis alone," citing L.R. 230(c)).)

Second, even if considered, the opposition does not rebut the motion's core points: (1) Defendant served no written objections and sought no protective order to a Rule 30(b)(2) notice that demanded production of the physical product(s) the expert reviewed and relied upon; (2) at deposition, Mr. Sadjadpour admitted he did not have the examined product, did not know where it was, and told Plaintiffs to "ask counsel"; and (3) he could not reliably connect the exemplar he inspected to the accused ASIN set and offered methodology admissions that underscore unreliability and lack of fit. (See Chen Decl. (filed with Dkt. 47) ¶¶ 3–11 & Ex. 1-B; Chen Reply Decl. (filed concurrently herewith) ¶ 3 & Ex. 1; Sadjadpour Dep. excerpts cited below.)

Defendant's response is to blame Plaintiffs for taking a remote deposition and to assert—without evidence—that defense counsel had the item somewhere off-camera in a different location. (Dkt. 65 at 2:8–20, 3:6–16.) That is not compliance with Rule 30(b)(2)/Rule 34 production, and it does not cure the prejudice: Plaintiffs were deprived of the ability to examine the witness using the very physical item that purportedly anchors his opinions.

## II. DEFENDANT'S OPPOSITION IS UNTIMELY AND MAY BE DISREGARDED AS A NON-OPPOSITION

Plaintiffs filed their motion on February 9, 2026 (with leave of Court). (Dkt. 47.) Under E.D. Cal. L.R. 230(c), opposition "shall be filed and served no later than fourteen (14) days after the motion was filed." Defendant filed his opposition on February 24, 2026—one day late. (Dkt. 65.) Under Local Rule 230(f), a later reset of the hearing date does not alter the original filing deadlines absent a court order, so the Court's subsequent continuance of the hearing does not cure Defendant's untimely opposition.

The consequence is not merely "no oral argument." Local Rule 230(c) expressly provides: "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." E.D. Cal. L.R. 230(c). Judge Drozd has likewise recognized that an untimely opposition can justify granting the motion on that basis alone. *Nash*, Order at 4.

Defendant did not seek an extension, did not request *nunc pro tunc* relief, and offers no good-cause explanation. The Court should therefore strike or disregard the untimely opposition and treat the motion as unopposed. (See *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (affirming dismissal for failure to follow local rule requiring opposition; district court did not abuse discretion in treating failure to oppose as consent); see also *LFG Nat. Cap., LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L.*, No. 11-cv-04538-PSG-PJW, 2011 WL 8311023, at *1 (C.D. Cal. Oct. 21, 2011) (untimely opposition deemed consent).)

At minimum, the Court should deem forfeited any arguments raised in the untimely opposition.

## III. DEFENDANT'S OPPOSITION DOES NOT REBUT WAIVER OR CURE THE FAILURE TO PRODUCE THE EXEMPLAR

### A. Defendant Waived Objections by Silence

Defendant does not dispute that Plaintiffs served a Rule 30(b)(2) deposition notice requiring Mr. Sadjadpour to "bring with him" the "documents and things" listed in Attachment A, including "any and all physical products" reviewed or used for his opinions. (Chen Decl. ¶ 5 & Ex. 1-B, Att. A, RFP Nos. 1–2.) Defendant also does not dispute that he served no written objections and sought no protective order. (Chen Decl. ¶¶ 3–10.)

Having remained silent, Defendant waived objections to scope and propriety and cannot now justify nonproduction with post-hoc objections.

### B. Defendant's "Counsel Had It Somewhere" Theory Is Not Evidence and Does Not Satisfy Rule 30(b)(2) Production

Defendant's opposition hinges on the assertion that "Defendant's counsel" possessed the exemplar during the deposition, so it was supposedly "available and produced." (Dkt. 65 at 2:21–28, 3:6–16.) But Defendant submits no declaration establishing that claim, no chain-of-custody facts, no

statement that counsel disclosed the item was present on-camera or otherwise made available for Plaintiffs' inspection during the deposition. Attorney argument is not evidence. (*Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002).)

More importantly, even if counsel possessed the exemplar off-camera, that still would not satisfy the noticed requirement that the witness bring and produce the exemplar for examination during deposition. (Chen Decl. ¶ 5 & Ex. 1-B, Att. A, RFP Nos. 1–2.) A Rule 30(b)(2) notice that includes a Rule 34 request is a discovery request for "documents and tangible things"; the responding party must either comply, serve objections, or seek protection. (Fed. R. Civ. P. 30(b)(2); Fed. R. Civ. P. 34; Fed. R. Civ. P. 26(c).) Defendant did none. If Defendant believed the Rule 30(b)(2)/Attachment A production request was improper or impossible to comply with, the remedy was a timely written objection and/or a motion for protective order—not post-hoc excuses.

The transcript underscores the point. Mr. Sadjadpour testified he did not have the item, did not know where it was, and that "counsel can respond" as to where it was. (Sadjadpour Dep. 35:2–11 (Chen Reply Decl. ¶ 3(b), Ex. 1).) He testified he returned the item to counsel. (Sadjadpour Dep. 37:2–3, 37:6–16 (Chen Reply Decl. ¶ 3(c), Ex. 1).) And when asked whether he made any attempt to ensure it would be available for examination during his deposition, he admitted: "I did not request the item to be returned back to me." (Sadjadpour Dep. 40:4–9 (Chen Reply Decl. ¶ 3(c), Ex. 1).) Defendant cannot recast that record as "compliance."

**C. A Remote Deposition Does Not Excuse Rule 30(b)(2)/Rule 34 Production, and Rule 37(d)(2) Bars Post-Hoc "Objectionable" Excuses**

Defendant argues that because Plaintiffs "elected" to take the deposition remotely, it was "not possible" to provide a physical item to Plaintiffs' counsel. (Dkt. 65 at 2:15-20.) That fails legally and factually.

First, the Federal Rules expressly authorize remote depositions. (Fed. R. Civ. P. 30(b)(4).) A party cannot accept the benefits of a remote deposition and then claim remote format nullifies Rule 30(b)(2)/Rule 34 obligations.

Second, even in a remote deposition, production of physical items is routinely accomplished (e.g., by ensuring the witness has the item at the deposition location; coordinating that counsel and witness are co-located; shipping in advance; or stipulating to inspection logistics). If Defendant believed compliance was burdensome or improper, the remedy was to timely object and/or seek a protective order. (Fed. R. Civ. P. 26(c); E.D. Cal. L.R. 251.) Defendant did neither.

Third—and critically—Rule 37 forecloses Defendant's attempt to excuse noncompliance with after-the-fact complaints about the request. Rule 37(d)(2) provides that a failure to respond to discovery is not excused on the ground that the discovery was "objectionable" unless the party actually moved for a protective order. Fed. R. Civ. P. 37(d)(2). Defendant did not. The "remote deposition made compliance impossible" narrative is exactly the sort of post-hoc excuse Rule 37(d)(2) prohibits.

## IV. DEFENDANT'S OPPOSITION DOES NOT SALVAGE THE ADMISSIBILITY OF SADJADPOUR'S OPINIONS

### A. Sadjadpour's Methodology Admissions Underscore Unreliability

Defendant tries to recast Plaintiffs' motion as a mere "gotcha" about possession. It is not. The failure to produce the exemplar deprived Plaintiffs of the ability to test the reliability of the work, and the transcript excerpts confirm the reliability problems.

Sadjadpour admitted his "method" was essentially limited manual manipulation—"by hand" he tried removing/detaching the tab. (Sadjadpour Dep. 58:16–21 (Chen Reply Decl. ¶ 3(g), Ex. 1).) He admitted he did no teardown and merely tried to detach "without breaking." (Sadjadpour Dep. 70:7–10 (Chen Reply Decl. ¶ 3(j), Ex. 1).) He further testified the tab appeared to be "glue welding," but he performed no tear-down confirmation. (Sadjadpour Dep. 80:9–22 (Chen Reply Decl. ¶ 3(k), Ex. 1).)

These admissions go to Rule 702 reliability and Rule 403 fit/prejudice, and they reinforce why production of the examined product at deposition mattered: without the exemplar, Plaintiffs could not meaningfully test the physical basis for these assumptions and conclusions.

Even if the exemplar dispute were ignored, Sadjadpour's core 'integrated' opinions are dictionary-driven lexicography and speculation without teardown confirmation, which fails Rule 702 reliability and fit.

**B. The Opposition Does Not Cure the Lack of "Fit" Under the Court's Constructions**

Defendant's opposition does not address the motion's "fit" concerns in a way that cures them. Plaintiffs' motion explains why, under the Court's constructions, certain opinions lack a reliable application to the facts and risk confusing the issues. (See Dkt. 47 at 4–5; Claim Construction Order (Dkt. 44).) Defendant's cursory response does not supply a reliable methodological bridge between the Court's constructions and the opinions offered.

Mr. Sadjadpour's methodology is not a disclosed technical method at all; it is dictionary-driven "plain meaning" substitution. He admitted under oath that his definition of "integrate" comes from the "common English definition" and that he obtained it from a dictionary (including Oxford), i.e., "to form or blend into a functioning or unified whole" / "combine one thing with another so that they become a whole." (Chen Reply Decl. ¶ 3(h) & Ex. 1 (Sadjadpour Dep. 62:6–63:7); Chen Reply Decl. ¶ 3(i) & Ex. 1 (Sadjadpour Dep. 67:11–15).) He further admitted he relied on no data or materials or facts beyond his generic "engineering experience" to opine on that definition. (Chen Reply Decl. ¶ 3(f) & Ex. 1 (Sadjadpour Dep. 50:1–50:4).) That is not a reliable infringement methodology under Rule 702—it is lexicography dressed up as expert analysis.

This matters because the Court has already construed key structural language incorporating "integrated" concepts (e.g., "collar" as a "circular lip device having two or more integrated cantilever structures"). (Dkt. 44 at 11:19–12:2.) Sadjadpour does not apply that construction through any objective engineering analysis—no teardown, no materials analysis, no confirmation of attachment mechanism. Instead, he speculates the parts "appear to be attached by glue, welding, sonic welding, or other process," while conceding he did not do a teardown and attempted detachment only "without breaking" the product. (Chen Reply Decl. ¶ 3(j) & Ex. 1 (Sadjadpour Dep. 69:5–70:10); Chen Reply Decl. ¶ 3(k) & Ex. 1 (Sadjadpour Dep. 80:9–22).) Rule 702 does not permit an expert to substitute an Oxford definition for the Court's constructions and then offer infringement opinions untethered to a verifiable engineering method.

### C. Defendant's "ASIN Doesn't Matter / Memorization" Argument Misstates the Problem and Confirms the Foundational Defect

Defendant argues the ASIN issue is irrelevant because "the difference between the ASINs is irrelevant." (Dkt. 65 at 3:17–23.) That misses the point. The motion challenges foundation and discovery noncompliance, not memorization. The problem is not whether the expert "memorized" an ASIN; it is that he could not reliably identify which accused product he examined, and Plaintiffs were denied the opportunity to examine him with the exemplar he claims supports his infringement opinions.

Defendant also tries to launder this foundational failure by citing Plaintiffs' summary-judgment briefing, claiming Plaintiffs "admit" the accused products are the same. (Dkt. 65 at 4:1–9.) But Plaintiffs' statement was expressly qualified: Plaintiffs stated the accused products are "mechanically identical in all respects relevant to the asserted claims." (Dkt. 50 at 1:18–23 (emphasis added).) That is not a blanket stipulation relieving Defendant of his burden to lay foundation for what his expert actually examined and relied upon—especially where the expert cannot reliably identify the product/ASIN and did not produce the tangible item for deposition scrutiny. A litigation characterization in Plaintiffs' MSJ does not retroactively cure Defendant's Rule 30(b)(2)/Rule 34 nonproduction, and it does not satisfy Rule 702's requirement that opinions be reliably applied to the facts of the case.

The transcript is plain: although he briefly claimed the exemplar corresponded to an ASIN ending in "8Y" (Sadjadpour Dep. 43:18–20 (Chen Reply Decl. ¶ 3(d), Ex. 1)), he then admitted he was not sure / did not remember which ASIN it was. (Sadjadpour Dep. 45:1–4, 45:9–21 (Chen Reply Decl. ¶ 3(e), Ex. 1).) That uncertainty is not harmless. Defendant's report purports to apply opinions across an accused ASIN set; if the expert cannot reliably connect his inspected sample to the accused product(s), the opinions lack an adequate foundation and create obvious risk of confusion and unfair prejudice. (Fed. R. Evid. 702, 403.)

### V. REQUESTED RELIEF: EXCLUSION OR STRICT LIMITATION IS THE APPROPRIATE RULE 37(d) SANCTION

Because Defendant waived objections, failed to produce the central tangible item underlying the expert's opinions, and because the expert cannot reliably connect his exemplar to the accused ASIN set

(and offers admissions undermining reliability), the Court should exclude or strictly limit Sadjadpour's testimony and opinions.

Rule 37(d)(1)(A)(ii) authorizes sanctions where a party fails to serve a written response to a Rule 34 request for inspection/production, including a Rule 30(b)(2) notice that includes a Rule 34 request for "documents and tangible things." (Fed. R. Civ. P. 37(d)(1)(A)(ii); Fed. R. Civ. P. 30(b)(2).) Under Rule 37(d)(3), the Court may impose any of the sanctions listed in Rule 37(b)(2)(A)(i)–(vi)—including prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. (Fed. R. Civ. P. 37(d)(3), 37(b)(2)(A)(ii).) Because Defendant served no written response or objections and sought no protective order, and because the exemplar was not produced as noticed, exclusion or strict limitation of any exemplar-dependent opinions is the appropriate evidentiary sanction.

Accordingly, Plaintiffs request that the Court:

1. DISREGARD Defendant's untimely opposition as a non-opposition under E.D. Cal. L.R. 230(c) and GRANT the motion on that basis alone;
2. Alternatively (and independently), EXCLUDE Mr. Sadjadpour's testimony and opinions to the extent they rely on any examined exemplar or physical product not produced as required by Plaintiffs' Rule 30(b)(2)/Rule 34 notice;
3. In the further alternative, if the Court is inclined to permit any testimony, STRICTLY LIMIT it to opinions not dependent on unproduced tangible evidence and preclude any opinion that purports to apply exemplar-based conclusions across the accused ASIN set without a reliable foundation tying the inspected item to the accused products; and
4. AWARD SANCTIONS under Fed. R. Civ. P. 37, including Plaintiffs' reasonable fees and costs incurred in bringing this motion/reply necessitated by Defendant's nonproduction.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court disregard Defendant's untimely opposition as a non-opposition and grant Plaintiffs' motion. Alternatively, the Court should

grant the motion on the merits and exclude or strictly limit Mr. Sadjadpour's testimony as set forth above.

DATED: March 4, 2026            **INHOUSE CO. LAW FIRM**

By:    /s/ Alexander Chen
       Alexander Chen, Esq.
       Theodore S. Lee, Esq.
       Attorneys for Plaintiffs


INHOUSE CO. LAW FIRM