Alexander Chen [SBN 245798]
Alexc@inhouseco.com
Theodore S. Lee [SBN 281475]
Tlee@inhouseco.com
**INHOUSE CO. LAW FIRM**
7700 Irvine Center Drive, Suite 800
Irvine, CA 92618
Telephone:  949-250-1555
Facsimile:   714-882-7770

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOPFIRE LIMITED**, a foreign company; **HK MIUSON INTERNATIONAL CO., LIMITED**, a foreign company; **JIANGGONGXIUSHENZHENGUOJI-MAOYIYOUXIANGONGSI**, a foreign company; and **SHENZHENSHILINGBINQIPEI-YOUXIANGONGSI**, a foreign company.<br><br>        Plaintiffs,<br><br>v.<br><br>**BENJAMIN D. COOK**, an individual; and **DOES 1 through 10**, inclusive.<br><br>Defendants. | Case No. 2:23-cv-02503-DAD-JDP<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATION OF BENJAMIN D. COOK (ECF NO. 64-1) IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |
| AND RELATED CROSS-ACTIONS | |

Pursuant to Federal Rule of Civil Procedure 56(c)(2), Rule 56(c)(4), and the Federal Rules of Evidence, Plaintiffs submit the following targeted objections to portions of the Declaration of Benjamin D. Cook (ECF No. 64-1). These objections are directed to discrete categories of inadmissible or improper material Defendant relies upon to oppose Plaintiffs' Consolidated Motion for Summary Judgment of Invalidity and Non-infringement And For Partial Summary Judgment On Damages. Plaintiffs do not object to the mere fact that screenshots attached to the declaration depict what Mr. Cook claims he observed on his screen on the stated dates; Plaintiffs object to Mr. Cook's broader speculative interpretations and argumentative accusations.

**OBJECTION NO. 1 – Lack of Personal Knowledge / Improper Lay (or Expert) Opinion Regarding Amazon System Mechanics and the Meaning of "Date First Available"**

**Evidence:** Cook Decl. ¶¶ 5–7, 12 (asserting "Date First Available" indicates when an ASIN was created, not when the product was first sold; asserting sellers can change the product associated with an ASIN at their discretion while "Date First Available" remains unchanged; and asserting any belief that the field is accurate/reliable is "patently wrong").

**Objection:** These paragraphs go beyond Mr. Cook's personal observations and purport to explain Amazon's internal meaning, computation, and system behavior across listings and sellers. To the extent Mr. Cook offers system-level interpretations of how Amazon defines or computes "Date First Available," why it appears/disappears, or what it "refers to," he lacks personal knowledge and offers improper lay opinion (or unqualified expert opinion) without any disclosed methodology or reliable basis.

**Grounds:** Fed. R. Evid. 602; Fed. R. Evid. 701; Fed. R. Evid. 702; Fed. R. Civ. P. 56(c)(4).

**OBJECTION NO. 2 – Relevance / Rule 403 Confusion: "Demonstration" Using a Different ASIN and Different Products**

**Evidence:** Cook Decl. ¶¶ 7–9 and Exhibits A–B (describing a change to Cook's own listing under ASIN B0D3DGCTC3 from a cup holder expander to a different product while the "Date First Available" field remained the same).

**Objection:** This "demonstration" involves a different ASIN, different products, and Cook's own seller account actions in 2026. It is not probative of what was publicly displayed for ASIN B07PMHPJJF in 2019, nor does it establish any fact about Plaintiffs' preserved captures and independent business records. At most it shows the unremarkable proposition that webpages can change. The probative value is minimal and substantially outweighed by the risk of confusing the issues and turning the reply into a mini-trial on Amazon's platform behavior.

**Grounds:** Fed. R. Evid. 401–403.

**OBJECTION NO. 3 – Argumentative, Inflammatory, and Improper Credibility Attacks**

**Evidence:** Cook Decl. ¶¶ 3, 10 (stating Lee's analysis is "patently false," asserting Lee is "audaciously lying to this Court," and accusing counsel of dishonesty rather than stating facts).

**Objection:** These statements are argument, improper credibility attacks, and inflammatory rhetoric, not admissible facts. They purport to attribute intent and dishonesty without personal knowledge of counsel's state of mind and invite the Court to resolve credibility disputes on summary judgment.

**Grounds:** Fed. R. Evid. 403; Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).

**OBJECTION NO. 4 – Speculation and Overgeneralization About Amazon Reviews and "Editability"**

**Evidence:** Cook Decl. ¶¶ 13–17 and Exhibits D–E (asserting that product reviews can be edited at any time and that the displayed date does not indicate the content is the same as originally submitted; describing Cook's self-created review on an unrelated product and subsequent edits).

**Objection:** The "review editing" scenario concerns an unrelated product and Cook's own review actions in 2026. It does not establish that the July 2019 "Verified Purchase" review and user-uploaded

photographs Plaintiffs rely on were edited, altered, or substituted after posting. The declaration offers speculation and overgeneralization about how Amazon handles reviews, and its probative value is substantially outweighed by the risk of confusion and unfair prejudice.

**Grounds:** Fed. R. Evid. 401–403; Fed. R. Evid. 602; Fed. R. Evid. 701.

**OBJECTION NO. 5 – Mischaracterization / "Understanding" of Another Witness's Declaration**

**Evidence:** Cook Decl. ¶¶ 2–3, 13 (statements beginning "I have read…" / "I understand Mr. Lee to be declaring…").

**Objection:** To the extent Mr. Cook purports to characterize or summarize what another declarant "means," those statements are not facts and are argumentative. The Court can read the underlying declaration directly, and Mr. Cook's "understanding" is not admissible evidence of what the declaration states.

**Grounds:** Fed. R. Evid. 701; Fed. R. Civ. P. 56(c)(4).

**RELIEF REQUESTED**

Plaintiffs request that the Court sustain the foregoing objections and disregard the objected-to portions of the Cook Declaration to the extent Defendant relies on them to claim that Plaintiffs' CP1210 evidence is inadmissible or unreliable. Plaintiffs do not object to the limited fact that certain screenshots attached to the Cook Declaration depict what Mr. Cook claims he observed on the stated dates; Plaintiffs object to the speculative interpretations, overgeneralizations, and argumentative accusations drawn from those screenshots.

DATED: March 4, 2026         **INHOUSE CO. LAW FIRM**

                  By:    /s/ Alexander Chen
                         Alexander Chen, Esq.
                         Theodore S. Lee, Esq.
                         Attorneys for Plaintiffs